UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

LOWELL SMITH, JR.            )
                             )
V.                           )            NO. 2:09-CV-299
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security )

REPORT AND RECOMMENDATION

The matter is before the United States Magistrate Judge, under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation. The plaintiff's applications for disability insurance benefits and supplemental security income were administratively denied following a hearing before an Administrative Law Judge ["ALJ"]. Both the plaintiff and the defendant Commissioner have filed dispositive Motions [Docs. 7 and 11].

The sole function of this Court in making this review is to determine whether the findings of the Secretary are supported by substantial evidence in the record. *McCormick v. Secretary of Health & Human Services*, 861 F.2d 998, 1001 (6th Cir. 1988). "Substantial evidence" is defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971). It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury. *Consolo v. Federal Maritime Comm.*, 383 U.S. 607 (1966). The Court may not try the case *de novo* nor resolve conflicts in the evidence, nor decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Even if the reviewing court were to resolve the factual issues differently, the Secretary's decision must stand if supported by substantial evidence. *Listenbee v. Secretary of Health and Human*

*Services*, 846 F.2d 345, 349 (6th Cir. 1988). Yet, even if supported by substantial evidence, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007).

The plaintiff asserted that he became disabled on August 14, 2002, due to back problems, foot problems, obesity and mental impairments.

The plaintiff makes no argument regarding the ALJ's finding regarding his physical capabilities, and any such arguments are accordingly waived at this point. The plaintiff recounts his medical records regarding his mental impairment in his memorandum as follows:

> Plaintiff underwent evaluation by Dr. J. Raoul Morin on April 28, 2003, May 5, 2003, and May 29, 2003, due to short attention span, distractibility, poor organizational skills, forgetfulness, losing things frequently, impulsiveness, argumentativeness, sadness, withdrawal, low self-esteem, nervousness, sleep disturbance, moodiness, frequent changes with employment, and low frustration tolerance. In summary, Dr. Morin noted results of test administered and gathered information indicate Plaintiff describes himself as significantly inattentive, distractible, impulsive, under-active, and non-compliant; he reportedly experiences emotional difficulties, poor achievement, family interaction problems, and poor peer relations; he noted 9 of 9 DSM-IV criteria for inattention and 2 of 9 for hyperactivity/impulsivity, which have reportedly been present since childhood; results of the Brown Scales indicate an attention deficit is highly probable; continuous performance testing also showed moderate impulsivity and extremely impaired attention; auditory attention appears to be moderately impaired but is relatively better than visual attention, which is severely impaired; he reported clinically significant characteristics of depression and oppositional defiance on the DSM checklists; and he reported characteristics of mild anxiety and severe depression on the inventories. The diagnoses were attention deficit/ hyperactivity disorder [hereinafter "ADHD"], combined type, and depression (adult), severe, with a global assessment of functioning [hereinafter "GAF"] of 55-60 (Tr. 177-186).
> 
> Plaintiff underwent consultative exam by Dr. Steven Lawhon on May 27, 2004. Plaintiff's affect and mood were depressed; he recalled one out of three objects, indicating impairment in his short-term memory; and he did not recall proverbs. Dr. Lawhon noted Plaintiff appears to be impulsive, has trouble concentrating, and has difficulty following through on tasks. The diagnoses were attention deficit disorder [hereinafter "ADD"] and dysthymic disorder, with a current GAF of 60. Dr. Lawhon

opined Plaintiff's ability to sustain concentration and persistence is mildly limited; his ability to understand and remember is not significantly limited; his social interaction is not significantly limited; and his work adaptation is not significantly limited (Tr. 196-199).

On June 16, 2004, a reviewing state agency physician opined Plaintiff is moderately limited is his ability to understand, remember, and carry out detailed instructions; to maintain attention and concentration for extended periods; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to interact appropriately with the general public; to accept instructions and respond appropriately to criticism from supervisors; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and to set realistic goals or make plans independently of others (Tr. 200-216).

Plaintiff continued treatment by Dr. Morin from June 24, 2003 through May 13, 2005, due to ADHD, social anxiety disorder, and depression (Tr. 187-195). On June 4, 2005, Dr. Morin opined Plaintiff has an underlying mental disorder which significantly interferes with functioning (Tr. 217-219).

Plaintiff underwent his second consultative exam by Dr. Steven Lawhon on October 3, 2005. Presenting problems included ADD, depression, and social anxiety. Plaintiff's grooming and hygiene were fair; his affect and mood were anxious and depressed; and he did not recall proverbs. The diagnoses were anxiety disorder NOS, ADD NOS, and dysthymic disorder, with a current GAF of 60. Dr. Lawhon opined Plaintiff's ability to sustain concentration and persistent is mildly limited; his ability to understand and remember is not significantly limited; his social interaction is not significantly limited; and his work adaptation is not significantly limited. In summary, Dr. Lawhon noted Plaintiff appears to be mildly to moderately anxious and depressed and also has a history of attention deficit disorder, for which psychiatric treatment should be considered (Tr. 220-223).

Plaintiff underwent consultative exam by Dr. Samuel Breeding on October 13, 2005, at which time he reported that he had to stop his medicines when he lost Tenn Care. Presenting problems included ADD, depression, social anxiety, attention and memory problems, obesity, left leg soreness, and occasional back soreness. The diagnoses were history of ADD, history of social anxiety, history of depression, and obesity. Dr. Breeding opined Plaintiff has no physical limitations except that imposed by his obesity (Tr. 224-227).

On February 3, 2006, a reviewing state agency psychologist opined Plaintiff is markedly limited in his ability to interact appropriately with the general public and moderately limited in his ability to understand, remember, and carry out detailed instructions; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; to work in coordination with or proximity to others without being distracted by them; to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to accept instructions and respond appropriately to criticism from supervisors; to get along with

coworkers or peers without distracting them or exhibiting behavioral extremes; to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; to respond appropriately to changes in the work setting; and to set realistic goals or make plans independently of others (Tr. 228-245).

Plaintiff received treatment at Center Pointe Medical Clinic from March 31, 2005 through December 22, 2006. Conditions and complaints addressed during this time include chronic low back pain, morbid obesity, hypertension, left shoulder pain, neck pain, allergic rhinitis, depression, ADHD, erectile dysfunction, tingling in the left hand and arm, left leg pain, bilateral foot pain, upper respiratory infection, right elbow tendonitis, gastroesophageal reflux disease (GERD), and edema (Tr. 257-277).

Plaintiff continued treatment by Dr. Morin from June 7, 2005 through January 4, 2007, due to the diagnosis of ADHD (Tr. 303-309).

Plaintiff was admitted to Indian Path Pavilion from September 12, 2005 through September 19, 2005, due to suicidal ideation and severe depression. Upon admission, Plaintiff was noted to have a history of depressive disorder, attention deficit disorder, and anxiety disorder and was committed due to increasing thoughts of killing himself. Plaintiff was feeling hopeless, helpless, and worthless; he reported that he does not feel comfortable in the presence of a lot of people like crowds in the mall or restaurants or any close place; his mood was depressed; his affect was flat; his insight and judgment were poor; and his weaknesses were noted to be poor coping skills and impulsivity. The diagnoses were depressive disorder NOS and history of ADD, with a GAF of 29 upon admission and a GAF of 40 upon discharge (Tr. 340-347).

On February 26, 2008 and February 27, 2008, Plaintiff underwent consultative exam by Beth Ballard, M.A. Plaintiff reported that he has ADD, depression, anxiety, and obesity; that his feet and back hurt so bad that he can't stand for too long; that his obesity makes it hard for him; that his depression and anxiety are so bad that he can't even go to Wal-Mart unless it is like two in the morning; that it is hard for him to be around people; and that he can't focus. Plaintiff was further noted to have been depressed for years; to cry for no reason; to feel like nobody cares for him; to not want to be around anybody; to constantly sleep and not want to get up; to have been physically abused as a child; to be sluggish with no energy; and to have panic attacks. Plaintiff's MMPI-II profile was noted to be valid and to suggest he probably feels in need to discuss his problems. Plaintiff's responses indicated that he is quite angry and depressed; he is sullen and somewhat angry and upset with other people; he does not accept full responsibility for his low mood, instead blaming other people for working against him; he is likely to be tense and may ruminate over his problems; he feels depressed, useless, and pessimistic about the further; he may avoid interpersonal relationships because he feels quite vulnerable to hurt; he does not trust other people and feels angry that he is so alone; he is a highly introverted and interpersonally avoidant person who feels very uneasy in close interpersonal involvement; and he appears to be very insecure, lacks confidence in himself in social situations, and becomes extremely anxious around other people. Ms. Ballard noted that individuals with Plaintiff's profile are typically rigid and over controlled, tend to worry a great deal, and experience periods of low mood in which they withdraw almost completely from others. Plaintiff's score on the TOMM was noted to raise concern about whether he was putting forth his best effort on all tests. The diagnoses were dysthymic disorder; panic disorder without agoraphobia; ADHD, not

4

otherwise specified; past history of methamphetamine abuse; malingering; and dependent personality traits (Tr. 348-357).

In the attached assessment, Ms. Ballard opined Plaintiff is mildly limited in his ability to understand and remember complex instructions, to carry out complex instructions, and to make judgments on complex work-related decisions. Ms. Ballard noted Plaintiff is likely to have difficulties in these areas due to his depression, anxiety, and symptoms of ADHD; he has a history of erratic and unstable employment; he appears to have a need to depend on others and to be taken care of by them; and, although he does appear to have issues, he also seems to be grossly exaggerating them (Tr. 358-360).

Those portions of the plaintiff's record which dealt solely with his physical ailments were not included in the above synopsis of the medical record. [Doc. 8, pgs. 2-7].

The ALJ had a vocational expert attend the hearing, but she did not testify for either the plaintiff or the Commissioner.

In his hearing decision, the ALJ found that the plaintiff did not have severe mental impairment. He found the plaintiff had the residual functional capacity to perform a reduced range of light work. He found that the plaintiff's past relevant work as a fast food manager would not be precluded by the plaintiff's residual functional capacity. He also found that even if the plaintiff was not able to perform his past relevant work, he would not be disabled under Rule 202.21 of the medical-vocational guidelines. Accordingly, he was found to be not disabled. [Tr. 17-26].

As previously stated, the plaintiff's allegations of error all have to do with his findings regarding the severity of the plaintiff's mental impairment. Plaintiff states that the ALJ did not give controlling weight to the opinion of Dr. Morin, the plaintiff's treating psychiatrist. Plaintiff also asserts that the ALJ wrongly discounted the opinions of the non-examining State Agency mental health experts.

Plaintiff referred the Court to the following language which he cites as 56 Fed. Reg.

36,935 (1991): "All things being equal, when a treating source has seen a claimant long enough to have obtained a detailed longitudinal picture of the claimant's impairment(s), we will always give greater weight to the treating source's opinion than to the opinions of nontreating sources even if the other opinions are also reasonable or even if the treating source's opinion is inconsistent with the other substantial evidence of record." The Commissioner did not address this contention in his brief.

The Court was not familiar with the latter part of this quotation, which apparently states that the Commissioner *must* give greater weight to the treating source even if opinions of other examining sources are also reasonable or even if the treating source's opinion is inconsistent with other *substantial* evidence in the record. However, the Court is well familiar with *SSR 96-2p*, issued on July 2, 1996, which says in part that "even if [the opinion of a treating source is] well supported by medically acceptable clinical and laboratory diagnostic techniques, the treating source's medical opinion must be 'not inconsistent' with the other 'substantial evidence' in the individual's case record." The ruling goes on to state that if this factor, or other factors not relevant here, is not satisfied, then "a treating source's opinion cannot be entitled to controlling weight." The ruling goes on to say that just because the treating source's opinion is not subject to "controlling weight," it is still entitled to "deference" and must be weighed as other evidence is weighed with appropriate explanation.

What this and the regulations are saying is that the ALJ is not required to give controlling weight to the opinion of a treating source if it is inconsistent with other substantial evidence in the record, which in the present case is found in the opinions of the consultative examiners Lawhon and Ballard. The ALJ is still required to explain his reasons

for the weight he gave to the opinion of Dr. Morin and the State Agency doctors. In this regard, the ALJ stated as follows:

> Dr. Morin opined the claimant has mental disorder which significantly interferes with functioning. At two separate consultative examinations more than a year apart, Dr. Lawhon found the claimant to have no more than mildly limited ability to sustain concentration and persistence. More recently, consultative examiner Beth Ballard, M.A., also determined the claimant has no limitations other than mildly limited ability in understanding, remembering, and carrying out complex and detailed instructions and making complex work-related decisions. Although Dr. Morin is a treating source, the undersigned gives little weight to his opinion as it is not supported by treatment records and is not consistent with the longitudinal record. Moreover, treatment records subsequent to Dr. Morin's opinion rendered in June 2005 show optimal improvement in the claimant's ADHD with medications without side effects. Likewise, the undersigned gives little weight to the opinions of the State Agency physicians which is based in part on Dr. Morin's assessment. However, great weight is given to the opinions of Dr. Lawhon and Ms. Ballard as their opinions are supported by findings on repeated mental status evaluations over the last five years and which their opinions *[sic]* are highly consistent with the claimant's treatment history and his level of daily activities.

[Tr. 24-25].

The ALJ performed his function as finder of fact. He complied with the regulations and Social Security Rulings in explaining why he gave less weight to Dr. Morin than to Dr. Lawhon and Ms. Ballard, and little weight to the State Agency non-examining sources.

There is thus substantial evidence to support the ALJ's finding that the plaintiff did not have a severe mental impairment, and his residual functional capacity. He more than adequately explained his reasoning for all of his findings. No matter how close this case may be, this Court is not required, nor even empowered, to reverse or remand his decision when he thus performs his responsibilities.

Accordingly, it is respectfully recommended that the plaintiff's Motion for Summary Judgment [Doc. 7] be DENIED. It is also recommended that the defendant Commissioner's

Motion for Summary Judgment [Doc. 11 be GRANTED. [1]

Respectfully submitted:


 s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).